IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-03053-CMA

BARBARA CARRITHERS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

---

This matter is before the Court on Plaintiff Barbara Carrithers's Motion to Alter or Amend Judgment (Doc. # 30). For the reasons discussed below, the Motion is granted in part and denied in part.

## I. BACKGROUND[1]

### A. PLAINTIFF'S APPLICATION AND ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for Supplemental Security Income (Title XVI) benefits in May 2006. Plaintiff's application was initially denied on December 18, 2006. Plaintiff then

---

[1] A more detailed recitation of this matter's procedural history appears in the October 17, 2008, decision of the Administrative Law Judge. (Doc. # 11, Ex. 2 at 15-24.) The Court will provide a limited overview of the facts to the extent necessary to rule on the instant Motion.

requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on June 23, 2008.  (Doc. # 11, Ex. 2 at 15.)

At the administrative hearing, a Vocational Expert ("VE") opined on three hypothetical questions posed by the ALJ.  (Doc. # 11, Ex. 2 at 42.)  First, the ALJ inquired whether a person who "is able to perform work at the light level of exertion which does not require standing and walking more than six hours in an eight-hour day, [and] does not require more than occasional bending, stooping, crouching or crawling" would be able to perform any of Plaintiff's past relevant work.  The VE responded in the affirmative, commenting that such a person would be able to perform a housekeeping position.  (*Id.*)

Next, the ALJ inquired whether an individual "who is able to perform work at the sedentary level of exertion, with standing and walking not more than two hours in an eight-hour day," would be able to work as a housekeeper.  (*Id.*)  The VE opined that such an individual would not be able to work as a housekeeper, but could work as a document preparer, a charge account clerk, and a telephone quotation clerk.  (*Id.* at 42-43.)

Finally, the ALJ inquired whether an individual who is "limited to sitting no more than four hours in an eight-hour day" would be able to work as a document preparer, charge account clerk, or telephone quotation clerk.  (*Id.* at 43.)  The VE opined that such an individual would be precluded from those jobs and from competitive employment.  (*Id.*)

On October 17, 2008, the ALJ issued a decision, finding that Plaintiff was not disabled prior to February 18, 2008, but became disabled on that date. (Doc. # 11, Ex. 2 at 15.) In pertinent part, the ALJ determined that before February 18, 2008, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), that does not require standing and/or walking more than six hours during an eight-hour workday, or more than occasional bending, stooping, crouching, or crawling. (*Id.* at 18.) However, the ALJ specified that Plaintiff did not have the RFC to perform the full range of light work but, rather, that her "ability to perform all or substantially all of the requirements of this level of work was impeded by additional limitations," which caused some "erosion of the unskilled light occupational base." (*Id.* at 22.) The ALJ also made a Step 4 determination that from the "amended onset date of disability" up until February 18, 2008, Plaintiff had been unable to perform past relevant work. (*Id.* at 22.) The ALJ further determined at Step 5 that prior to February 18, 2008, there were "a significant number of jobs in the national economy that [Plaintiff] could have performed," and cited the sedentary jobs (document preparer, charge account clerk, and telephone quotation clerk), as well as their relative availability, which the VE had mentioned. (*Id.*) Finally, the ALJ determined that, since February 18, 2008, Plaintiff has had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), that does not require standing and/or walking more than two hours during any eight-hour workday, or sitting more than four hours during an eight-

hour workday (*id.* at 21); accordingly, the ALJ found Plaintiff disabled as of that date (*id.* at 23).

**B.     PLAINTIFF'S APPEAL**

On November 3, 2008, Plaintiff filed a request with the Appeals Council for review, which the Council denied. (*See* Doc. # 1 at 1.) On December 15, 2010, Plaintiff filed a Complaint, seeking judicial review of the denial of Social Security benefits. (Doc. # 1.) The Social Security Administrative Record was filed with the Court on February 15, 2011. (Doc. # 11.) On March 7, 2011, Plaintiff filed her Opening Brief. (Doc. # 13.) Defendant, the Commissioner, responded on April 7, 2011 (Doc. # 15), and Plaintiff replied on April 13, 2011 (Doc. # 16). In her appeal, Plaintiff asserted that the ALJ erred in the following four ways:

(1)     The ALJ failed to find that Plaintiff's left ankle impairment was not severe;

(2)     The ALJ incorrectly determined that, prior to February 18, 2008, Plaintiff had an RFC to perform light work;

(3)     The ALJ incorrectly determined that Plaintiff's statements concerning the severity of her symptoms were not credible; and

(4)     The ALJ erred at Step 5 in failing to find Plaintiff disabled prior to February 18, 2008.

On August 26, 2011, this Court held a hearing in connection with Plaintiff's appeal. (*See* Doc. # 29.) After hearing argument the Court issued an oral ruling, affirming the ALJ. With respect to Plaintiff's fourth assertion, which is the only one

Plaintiff is seeking to have reconsidered (*see* Doc. # 30 at 2), the Court stated that the ALJ incorrectly summarized the VE's testimony and erroneously identified occupations the VE discussed in response to the hypothetical concerning sedentary, not light, work (Doc. # 29 at 31). The Court concluded that the error was harmless because the ALJ's determination that Plaintiff could perform light work prior to February 18, 2008, was supported by substantial evidence—namely, the VE's testimony that an individual with Plaintiffs' assessed RFC could perform Plaintiff's past work as a housekeeper. (*Id.* at 31-32.)

The Clerk of Court entered final judgment on August 29, 2011. (Doc. # 28.) On September 5, 2011, Plaintiff filed the instant Motion to Alter or Amend Judgment. (Doc. # 30.) Defendant responded on September 26, 2011 (Doc. # 32), and Plaintiff replied on October 3, 2011 (Doc. # 33).

## II.  ANALYSIS

A litigant who seeks reconsideration of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need

to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

In the instant Motion, Plaintiff asks the Court to reconsider its finding of harmless error regarding the ALJ's reliance on the VE's testimony about sedentary work when making the Step 5 no-disability determination.  (Doc. # 30 at 2.)  Plaintiff's argument is, essentially, that by saying someone with Plaintiff's assessed limitations could perform her past work as a housekeeper, the Court made a Step 4 finding of no-disability, despite the ALJ's Step 4 finding to the contrary.  *See, e.g.*, *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (At Step 4, "[i]f the claimant is able to perform his previous work, he is not disabled.").[2]

The Court agrees with Plaintiff that the error identified as harmless cannot be based on the record in this case.  By saying that Plaintiff could perform her past work as a housekeeper, the Court effectively made a *de novo* Step 4 finding of no-disability.  Doing so was improper in this instance for at least the following reasons:

---

[2] Plaintiff also raises an additional, and unrelated issue, regarding whether the ALJ had a program physician sign off on the single decision maker's RFC assessment at Step 3.  She bases her argument "upon the recent ruling" in *Carbajal v. Astrue*, No. 10-cv-02025, 2011 WL 2600984 (D. Colo. June 29, 2011).  Even assuming that *Carbajal* was binding precedent, which it is not, and further assuming, without deciding, that Plaintiff was entitled to relief under it, the Court determines that Plaintiff waived this argument by failing to raise it in the eight weeks that elapsed between the *Carbajal* order and Plaintiff's hearing.  *See, e.g.*, *Berna v. Chater*, 101 F.3d 631, 633-34 (10th Cir. 1996) (discussing waiver consequences for omissions at the district court level).

- Although Plaintiff's housekeeping activities were referred to as "past relevant work," no determination was made that her earnings were sufficient to qualify such activities as past relevant work under the regulations. *See* 20 CFR 416.974(b)(2).

- The ALJ's decision does not contain any adjudicative criteria that Plaintiff's housekeeping work was substantial gainful activity, as required for a past relevant work determination under SSR 82-62 and 20 CFR 416.960(b)(1) & 416.965(a).

- Because the ALJ determined Plaintiff's lack of disability at Step 5, Plaintiff had no reason (and, therefore, arguably no notice[3]) to argue that a Step 4 finding of no-disability would have been erroneous, i.e., to fully address the mental and physical work demands of her housekeeping activities.

However, upon further review and reconsideration of the record, specifically the ALJ's decision, the Court also determines that its perceived harmless error on the part of the ALJ was, in fact, no error at all.

Although not cited by the parties, the Court is aware of authority supporting the proposition that if the VE identifies only sedentary jobs, the ALJ is precluded from finding that a claimant with a light RFC is not disabled. *See Paschall v. Chater*, No. 95-

---

[3] Defendant argued in its Response Brief that "substantial evidence supports a finding at step four that Plaintiff was not disabled." (Doc. # 15 at 19.) Thus, Plaintiff had at least some opportunity, in her Reply Brief (Doc. # 16), to address this issue.

7171, 1996 WL 477575, at *2 (10th Cir. Aug. 23, 1996) (unpublished)[4]; *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995). Nonetheless, the Court finds these cases unpersuasive and, therefore, will not follow them. *See Anderson v. Comm'r*, No. 09-6370, 2010 WL 5376877, at *4 (6th Cir. Dec. 22, 2010) (unpublished) (explaining that the reasoning in these cases "is premised on a misunderstanding of the regulations").

As the court in *Anderson* explained, "[t]he RFC is based on the claimant's particular disabilities, an inquiry wholly independent from what jobs are available in the regional and national economy." *Id.*; *see also* 20 C.F.R. § 404.1545 (enumerating factors used to determine an RFC). The VE's testimony is based not on the claimant's physical capabilities but, rather, on the RFC already determined by the ALJ at Step 4. See *id.* ("in a step-five analysis, the VE's testimony depends upon the RFC and not the other way around").

As previously mentioned, the ALJ found that Plaintiff had an RFC to perform light work, but at less than the full range of such work. Then, at Step 5, the ALJ relied on the VE's testimony as to several sedentary jobs, which the ALJ found Plaintiff could have performed. Plaintiff does not dispute that these sedentary jobs (document preparer, charge account clerk, and telephone quotation clerk) can be performed by someone with Plaintiff's pre-February 18, 2008 RFC. Moreover, the regulations state that "[i]f someone can do light work . . . she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods

---

[4] *See* 10th Cir. R. App. P. 32.1(A) ("[u]npublished decisions are not precedential").

of time." 20 C.F.R. § 416.967(b); *see Johnson v. Bowen*, 851 F.2d 748, 751 (5th Cir. 1988) (noting that "[a] conclusion that a person has the physical capacity in excess of the essential requirement of sedentary work is substantial evidence that a person can perform sedentary work"; observing that "[t]here is no evidence in the record that [Plaintiff] has reduced dexterity, and the record affirmatively discloses that he can remain seated for a long period of time"; and affirming the district court's no-disability determination); *Anderson*, 2010 WL 5376877, at *4-5 (holding that even if the jobs identified by the VE as being within claimant's capabilities were all sedentary jobs, such testimony did not render erroneous the ALJ's determination that claimant could perform a limited range of light work); *Johnson v. Barnhart*, No. 05-C-129-C, 2005 WL 3271953, at *14 (W.D. Wis. Nov. 29, 2005) (unpublished) ("It is a non sequitur to argue that because plaintiff suffered conditions that limited her job base essentially to sedentary jobs, the ALJ erred in concluding that plaintiff was able to perform a limited range of light work."); *Barstad v. Chater*, No. 94-35987, 1996 WL 29255, at *1 (9th Cir. Jan. 25, 1996) (unpublished) (rejecting plaintiff's argument that "if a claimant is unable to perform a full range of light work he or she must necessarily be deemed able to perform only sedentary work"); *Macina v. Barnhart*, 50 Fed. Appx. 842, 843 (9th Cir. 1983) (unpublished) ("a finding that [Plaintiff] has the residual capacity for light work includes a finding that she has a capacity for sedentary work").

There is no dispute as to whether Plaintiff suffers from a loss of fine dexterity or was unable to sit for long periods of time prior to February 18, 2008. To the contrary,

the ALJ's decision relied, in part, on "the claimant's self-reported ability to attend to personal care . . . **with no restrictions on carrying or handling objects** . . . ." (Doc. # 11, Ex. 2 at 20 (emphasis added).)  And the ALJ specifically found that Plaintiff's inability to sit for long periods of time began on February 18, 2008.  (Doc. # 11, Ex. 2 at 21 (relying on Dr. Gary M. Weiss's opinion that since February 18, 2008, Plaintiff "had been unable to sit more than four hours").)  Only as of that date did the ALJ find Plaintiff disabled, consistent with the VE's response to the ALJ's third hypothetical—that an individual "limited to sitting no more than four hours in an eight-hour day" would be precluded from obtaining competitive employment, including the sedentary jobs previously mentioned.

The Court regrets having identified an error which, on further review, was not an error under the regulations.  Although Defendant asserted that the ALJ had misstated the VE's testimony, he also argued that the regulations "provide that an individual who can perform light work can also perform sedentary work." (Doc. # 15 at 19 (citing 20 C.F.R. § 416.967(b)).)  This is the argument that the Court should have embraced in the first instance and which, on reconsideration, guides the outcome here.

### III. CONCLUSION

Based on the foregoing analysis, the Court ORDERS that Plaintiff's Motion to Alter or Amend Judgment (Doc. # 30) is GRANTED IN PART to the extent that the Court had modified its reasoning and DENIED IN PART to the extent that the Court has determined Plaintiff is not entitled to relief.  Accordingly, the Court's order, as stated at

the August 26, 2011 hearing, is AMENDED as set forth in this Order, and the ALJ's partial denial of supplemental income benefits is AFFIRMED.  Each party shall pays its own costs and attorneys' fees.  (Doc. # 29 at 32-33.)

DATED:  November __30__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge